**United States District Court**
**Eastern District of Pennsylvania**

| | |
|---|---|
| SHEILA JACKSON | : |
| | :     2:19-cv-00760-JMY |
| vs. | : |
| | : |
| SOUTHEASTERN PENNSYLVANIA | : |
| TRANSPORTATION AUTHORITY | : |

# ORDER

AND NOW, this _____ day of November 2019, upon consideration of the motion to dismiss [Dkt. No. 15] filed by the defendant, Southeastern Pennsylvania Transportation Authority (SEPTA), and the Response in opposition [Dkt. No. 16] filed by the Plaintiff, it is hereby ORDERED and DECREED that said motion shall be DENIED.[1]

                                                   By the Court:

                                                 /s/ Judge John M. Younge
                                                 Judge John M. Younge

---

[1] The Plaintiff has agreed to dismiss counts 5, 6, 7, and 8 from her Amended Complaint. Therefore, this Court will not review the theories for relief asserted therein since those theories are no longer at issue.

| SHEILA JACKSON | : | |
| --- | --- | --- |
| | : | 2:19-cv-00760-JMY |
| vs. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY | : | |

## Memorandum

**Younge, J.**                                                                                                                              **November 1, 2019**

For the reasons set forth below, the *Motion to Dismiss for Failure to State a Claim* [Dkt. No. 15] that was filed by the above-captioned Defendant is DENIED.

The Plaintiff, who worked as a bus driver for SEPTA, brings this wrongful termination action against SEPTA based on various provisions found in the Americans with Disabilities Act and the Pennsylvania Human Relations Act. The Plaintiff avers that she was placed on sick leave and ultimately terminated from her position as a bus driver after being diagnosed with and treated for three brain aneurisms that were surgically repaired. She avers that SEPTA failed to provide reasonable accommodation in the form of light-duty work or an alternate position that did not require operation of a passenger vehicle. From a reading of the Amended Complaint, it would also appear the Plaintiff argues that post-surgery, she is capable of operating a passenger vehicle. (*Amended Complaint* (7/19/19).) [Dkt. No. 14].

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must, "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable pleadings of the complaint, the plaintiff may be entitled to relief." *Phillips v. City of Allegheny*, 515 F.3d 224, 233 (3rd Cir. 2008) (internal quotations and citations omitted). The Supreme Court has opined on the

appropriate standard to be applied when reviewing motions to dismiss, and it has stated, "A claim has factual plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* A claim satisfies the plausibility standard when the facts alleged "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220-221 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage" but instead simply calls for enough facts to raise a reasonable expectation that a claim exists. Stated another way, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The primary thrust of the motion to dismiss filed by SEPTA is an argument based on the Collective Bargaining Agreement with the Transport Workers Union of Philadelphia, Local 234. In its motion to dismiss, SEPTA argues that the Amended Complaint fails to establish that the Plaintiff was entitled to a job transfer under the Collective Bargaining Agreement or that any vacant, funded positions were available for her in accordance with the Collective Bargaining Agreement. (*Memorandum of Law in Support of Motion to Dismiss* at 7 (8/7/19).) The Defense also challenges the Plaintiff's ability to seek relief by arguing that she failed to exhaust administrative remedies. (*Id.* at 10.)

The arguments raised by the Defendant as they pertain to the Collective Bargaining Agreement, would be more appropriately assessed during the summary judgment stage of this litigation than on a motion to dismiss which simply rests on the Plaintiff's pleadings and not the factual underpinnings that support the Plaintiff's case. *Santiago v. Warminster Twp.*, 629 F.3d

121, 128 (3rd Cir. 2010) (stating that in evaluating a motion to dismiss the Court "take[s] as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them."). At this juncture in the litigation, this Court is not prepared to interpret the effect of the Collective Bargaining Agreement on SEPTA's ability to reassign the Plaintiff to other duties within the company.

The issue of whether the Plaintiff exhausted administrative remedies presents a similar issue as that of the Collective Bargaining Agreement. In her Amended Complaint, the Plaintiff avers that the "Plaintiff filed a charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) against the Defendant." (*Amended Complaint* ¶ 4 (7/19/19).) The Amended Complaint goes on to state that the "Plaintiff's charge of Discrimination was dually filed with the Pennsylvania Human Relations Commission and the Philadelphia Commission of Human Relations." (*Id.*) The Plaintiff avers that the EEOC issued a dismissal and notice of rights on December 11, 2018. (*Id.* ¶ 5.) The Plaintiff also avers that she visited both SEPTA's legal department and its human relations department in connection with her claim. (*Id.* ¶ 59-60.) The Plaintiff has clearly pled that she attempted to make use of administrative mechanisms to resolve her employment dispute with SEPTA.

Based upon these pleadings, the Motion to Dismiss is denied.

By the Court:

/s/ Judge John M. Younge
_____
Judge John M. Younge